

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-26-00121-CR

JALEN TRIVELLE NEAL, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from Criminal Court Number 3
Denton County, Texas[1]
Trial Court No. 2024-00694-C, Honorable Forrest Beadle, Presiding

June 2, 2026

MEMORANDUM OPINION

Before PARKER, C.J., and DOSS and YARBROUGH, JJ.

Following a plea of nolo contendere, Appellant, Jalen Trivelle Neal, was found guilty of driving while intoxicated with a blood alcohol content of 0.15, a Class A misdemeanor,[2] and placed on community supervision for 17 months. Several months

---

[1] This cause was originally filed in the Second Court of Appeals and was transferred to this Court by a docket-equalization order of the Supreme Court of Texas. *See* TEX. GOV'T CODE § 73.001. In the event of any conflict, we apply the transferor court's case law. TEX. R. APP. P. 41.3.

[2] TEX. PENAL CODE § 49.04(d).

later, the State moved to revoke community supervision and alleged Appellant committed various violations of the conditions thereof. Following a hearing at which Appellant pleaded true to all the allegations, the trial court revoked community supervision and sentenced Appellant to confinement in the Denton County Jail for 180 days. By a sole issue, he requests this Court correct the trial court's order and *Bill of Costs* to reflect his indigence and delete a $6,000 fine assessed under section 709.001 of the Transportation Code. The State agrees. We affirm the judgment but modify the *Bill of Costs*.

## BACKGROUND

Appellant was found asleep in his car hunched over the steering wheel on December 31, 2022. He was legally intoxicated. In May 2024, he was placed on community supervision and acknowledged the terms and conditions required of him. In December 2024, the State moved to revoke alleging Appellant had violated various terms and conditions. At the hearing, a community supervision officer testified to the violations. Appellant testified to explain the violations and claimed he had turned his life around. He requested to have his community supervision extended.

During sentencing, the trial court pronounced that any fines, fees, and court costs remaining would run concurrent with Appellant's sentence. But the trial court pronounced the Transportation Code fine was waived.

## APPLICABLE LAW

Section 709.001 of the Transportation Code authorizes a $6,000 fine for a first DWI conviction when the person's alcohol concentration level is 0.15 or more at the time of the analysis. TEX. TRANSP. CODE § 709.001(b)(3). However, when the trial court with

jurisdiction over the offense makes a finding the person is indigent, the court "shall waive all fines and costs imposed" under the statute. *Id.* at (c).

ANALYSIS

Appellant urges this Court to delete the $6,000 Traffic Fine assessed in the trial court's order revoking community supervision and *Bill of Costs* because it was not pronounced in open court by the trial court. While we agree the *Bill of Costs* is incorrect, the second paragraph of the trial court's order reflects a fine of $0.00. There is also a hand-written notation on the order indicating "Trans Code 708 [sic] Fine $6,000.00 waived by court. FB." Thus, the order revoking community supervision does not require any modification.

### TRAFFIC FINE UNDER TRANSPORTATION CODE

The *Bill of Costs* generated on February 4, 2026, includes a "DWI TRAFFIC FINE" of $6,000. The record reflects the trial court made a "finding regarding indigence" and appointed counsel to represent Appellant. The record does not show a change in his financial status. During sentencing, the trial court announced it was "waiv[ing] the Transportation Code fine out of Chapter 708 [sic] in this matter."

### TIME PAYMENT FEE

Although not raised by Appellant, this Court sua sponte deletes the $15 time payment fee included in the *Bill of Costs* generated on February 4, 2026. In *Dulin v. State*, 620 S.W.3d 129, 133 (Tex. Crim. App. 2021), the Court held that the pendency of an appeal stops the clock for purposes of the time payment fee. A time payment fee

3

assessed before appellate mandate issues is premature and should be stricken in its entirety, without prejudice to refiling should such fee become ripe. *Id.*

## CONCLUSION

The Denton County Clerk is directed to prepare and file an *Amended Bill of Costs* deleting the DWI traffic fine and Time Payment fee and provide copies to this Court, Appellant, and Denton County Jail officials.

The trial court's *Order Revoking Community Supervision* is affirmed.

Alex Yarbrough
Justice

Do not publish.

4